Charles W. KEMPE, Liquidator of Dover Insurance Company, Ltd., a Bermuda corporation, Plaintiff/Appellant,

v.

MONITOR INTERMEDIARIES, INC., the Crofton Group, Inc., et al., Defendants/Appellees.

No. 85–1977.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1986.

Decided April 2, 1986.

Michael J. Murphy, New York City, for plaintiff/appellant.

Walter S. Moeller, Long & Levit, San Francisco, Cal., for defendants/appellees.

Before BROWNING, Chief Judge, TANG and BEEZER, Circuit Judges.

PER CURIAM:

Plaintiff/appellant Kempe, liquidator of the Dover Insurance Company, Ltd., alleges a pattern of fraudulent transactions carried out by the defendants in a conspiracy "to defraud Dover and those with whom Dover dealt, including policyholders and insurance companies" in violation of the Racketeer Influenced & Corrupt Organiza-

tions Act ("RICO"), 18 U.S.C. §§ 1961–1968 (1982), and of various provisions of state law. The district court concluded that Kempe had failed to state a RICO claim and dismissed the action.

 The district court found the complaint deficient in three respects: 1) failure to allege any racketeering enterprise injury distinct from the predicate mail and wire fraud acts; 2) failure to allege any link to organized crime on the part of the defendants; 3) failure to specifically allege the required RICO predicate acts of mail and wire fraud within the RICO count.

The first two grounds for dismissal were rejected by the Supreme Court in *Sedima S.P.R.L. v. Imrex Co.*, — U.S. —, 105 S.Ct. 3275, 3284–87, 87 L.Ed.2d 346 (1985), decided after the district court ruled.

 The third ground, Kempe's failure to incorporate mail and wire fraud allegations within the RICO count (although they were alleged separately) was readily correctable by amendment. *See California Dump Truck Owners Association, Inc. v. Associated General Contractors of America, San Diego Chapter, Inc.*, 562 F.2d 607, 614–15 (9th Cir.1977).

 Defendant/appellee Monitor argues for the first time on appeal that Kempe, as the liquidator of Dover, lacks standing to bring this suit, in part because defendants are alleged to have controlled Dover and "one cannot deceive oneself." Essentially the same argument was properly rejected in *Schacht v. Brown*, 711 F.2d 1343, 1346–50 (7th Cir.1983), a case indistinguishable from this. Defendants also contend plaintiff seeks to, but may not, recover damages on behalf of Dover's creditors and policyholders. As we read the complaint, plaintiff seeks damages only on behalf of Dover. *See* Plaintiff's Complaint, ¶¶ 2, 3; Prayer for Relief, ¶¶ A, B.

REVERSED and REMANDED with directions to permit plaintiff to amend the complaint.